## GRIFFIN v. ROYALL.

### No. 3530.

Circuit Court of Appeals, Fourth Circuit.

April 3, 1934.

D. Ernest Ellerbe, of Florence, S. C. (Ellerbe & Rose, of Florence, S. C., on the brief), for appellant.

A. L. Hardee, of Florence, S. C. (Willcox, Hardee & Wallace, of Florence, S. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal by the receiver of the failed First National Bank of Florence, S. C., from a decree sustaining a pledge of assets made by that bank to secure a deposit of the receiver of the failed Bank of Florence. In 1928 the Bank of Florence failed, and the plaintiff Royall was appointed by the court of common pleas of Florence county to take charge of its affairs. He deposited funds which came into his hands as receiver in the First National Bank of Florence, and on March 10, 1930, had on deposit to his credit in that bank the sum of $6,174.14. On that date the First National Bank, which was then solvent, pledged to him as security for the repayment of the funds deposited certain bonds of the par value of $28,000. On November 18, 1931, when the deposit had fallen to $3,361.61, he permitted the bank to sell these bonds and accepted as security in lieu thereof the pledge of a note of the Florence School District in the sum of $5,000. On January 2, 1932, defendant Griffin was appointed receiver of the First National Bank, which at that time was indebted on account of the deposit of plaintiff in the sum of $3,-432.22, plaintiff holding as security therefor the $5,000 note of the Florence School District. This proceeding was instituted to determine the rights of plaintiff with respect to this note; and judgment was entered therein upholding the validity of the pledge and sustaining the rights of plaintiff thereunder.

In view of the decisions of the Supreme Court in Texas & Pacific R. Co. v. Pottorff (U. S.) 54 S. Ct. 416, 78 L. Ed. ——, and City of Marion v. Sneeden (U. S.) 54 S. Ct. 421, 78 L. Ed. ——, both of which were handed down after the decision rendered by the learned judge below, we think that the judgment must be reversed. Those decisions definitely establish that a national bank is without power to pledge its assets to secure a private deposit and that, except as to certain federal funds covered by specific statutes, it has power to make such pledge to secure deposits of public funds only as allowed by the Act of June 25, 1930, c. 604, 46 Stat. 809 (12 USCA § 90) and to the extent permitted by that act. That act provides: "Any association may, upon the deposit with it of

public money of a State or any political subdivision thereof, give security for the safe-keeping and prompt payment of the money so deposited, of the same kind as is authorized by the law of the State in which such association is located in the case of other banking institutions in the State."

█ Clearly, the deposit of the receiver of the state bank was not the deposit of "public money of a State or any political subdivision thereof." A deposit of the funds of an insolvent bank is a deposit of private funds. See note 11 to opinion in the case of Texas & Pac. R. Co. v. Pottorff, 54 S. Ct. page 419, 78 L. Ed. ——. The pledge in question, then, is condemned by the general rule laid down by the Supreme Court; and it cannot be brought within the exception created by the statute of 1930.

█ And there is nothing in the Act of May 15, 1916, c. 121, 39 Stat. 121 (12 USCA § 192), which supports the pledge. That act authorizes deposits by receivers of insolvent national banks in government depositaries, or in state or national banks, and requires the depositary or bank to deposit United States bonds or other satisfactory securities with the Treasurer of the United States for the safe-keeping and prompt payment of the money so deposited. The implied power conferred on national banks by this act to pledge their assets is manifestly limited to the cases in which deposit is made by receivers of national banks and pledge is made to the Treasurer of the United States as required by the act. Deposits made by other receivers are not embraced by either its language or spirit.

For the reasons stated, the judgment of the court below will be reversed.

Reversed.